

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROBERT LUE,

                    Plaintiff,

        -v.-                           08 Civ. 3834 (DAB)
                                              ORDER

LUIS MARSHALL, Superintendent
SING SING CORRECTIONAL FACILITY,

                    Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     This matter is before the Court upon the February 28, 2013 Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith ("Report"). On October 14, 2004, Petitioner Robert Lue ("Petitioner" or "Lue") was convicted of various crimes related to his role in a car theft scheme,[1] and was sentenced to (1) imprisonment for three consecutive terms of fifteen years each or forty-five years,[2] (2) five years

---

[1] Petitioner pleaded guilty to, and was convicted of, three counts of burglary in the second degree, two counts of grand larceny in the second degree, thirteen counts of grand larceny in the third degree, three counts of criminal possession of stolen property in the third degree, one count of criminal possession of stolen property in the fifth degree, one count of criminal mischief in the second degree, one count of criminal mischief in the fourth degree, five counts of possession of burglar's tools, four counts of conspiracy in the fifth degree, six counts of unauthorized use of a vehicle in the first degree, one count of unauthorized use of a vehicle in the third degree, and two counts of "auto-stripping" in the third degree. (Report at 1-2.)

[2] The State Court imposed one term of 15 years for each count of burglary in the second degree. Though Petitioner was convicted of, and sentenced to imprisonment for, a number of other counts, the terms were less than the 45 years for the burglary charges, to be served concurrently with the burglary charges and, thus, subsumed by the 45 years. (Report at 5.)

supervised release, and (3) restitution payments, on sixteen Orders of Restitution, in excess of $250,000.00. (Report at 1-2, 5.) For the reasons set forth below, the Court having conducted the appropriate level of review following Petitioner's Objections, Magistrate Judge Smith's Report is ADOPTED in its entirety. Accordingly, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

I. BACKGROUND

The facts in this matter are meticulously detailed in Judge Smith's Report, and they will not be restated here. Respondent submitted Partial Objections on March 11, 2013, and Petitioner submitted Objections on March 15, 2013. Submissions were never docketed on the electronic docket, however, and Respondent was never notified of the submissions. The Court permitted Respondent to respond to the Petitioner's Objections. That response was submitted on October 11, 2013. On November 30, 2013, Petitioner file a Motion to Strike Respondent's Response to the Report and Recommendation. (ECF No. 24.)

## II. DISCUSSION

### A. Standard of Review for a Report and Recommendation

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions. 28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1). "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks and alterations omitted). After conducting the appropriate levels

3

of review, a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

While 28 U.S.C. § 636(b)(1) and Rule 72(b) give the Court discretion to consider additional material that was not submitted to the magistrate judge, Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998), a party has "no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate." Pan Am. World Airways, Inc. v. Int'l Bros. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990); Azkour v. Little Rest Twelve, Inc., 2012 U.S. Dist. LEXIS 42210, at *7 (S.D.N.Y. Mar. 27, 2012)("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge.").

"The objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 U.S. Dist. LEXIS 23852, at *4 (S.D.N.Y. Mar. 15, 2010)(internal quotation marks and citation omitted). Nonetheless, courts generally do not allow pro se parties to raise issues in their objections that were

not presented to the magistrate judge. See, e.g., Sidney v. Caron, No. 09 Civ. 1326, 2012 U.S. Dist. LEXIS 137178, at *11 (N.D.N.Y. Sept. 25, 2012); Odom v. Kerns, No. 99 Civ. 10668, 2008 U.S. Dist. LEXIS 47336, at *16-17 (S.D.N.Y. June 18, 2008); Morgan v. Barnhart, No. 04 Civ. 6024, 2005 U.S. Dist. LEXIS 20928, at *4 (S.D.N.Y. 2005).

B. Petitioner's Objections

Petitioner makes four broad objections to the Report. First, Petitioner objects to Judge Smith's recommendation that the Court delete the first unexhausted claim, which alleges that the state court's imposition of restitution rendered the plea unknowing and involuntary. (Pet'r's Objection at 4.) Petitioner, instead, claims that the imposition of restitution is probative of the larger claim that the plea was unknowing and involuntary. (Id. at 5.)  In support, Lue writes, "[i]t should be reiterated that petitioner's claim does not hinge on the failure of the state court to inform him of the amount of restitution [sic] would be imposed." (Id.)  However, Judge Smith determined correctly that if the restitution matter is indeed a separate claim, it is unexhausted and the Court should delete the claim from the "mixed petition" so that Petitioner can "proceed with the exhausted claims." (Report at 21.)

5

Petitioner goes further to attack the magistrate judge's "restrictive interpretation of 'Supreme Court precedent'" addressing the legality of Petitioner's post-release supervision. (Id.)  For Petitioner "to obtain federal habeas relief, however, he must establish that the [state] court's failure to inform him of a [post-release supervision] term was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Pignataro v. Poole, 381 Fed. App'x 46, 49 (2d Cir. 2010)(quoting 28 U.S.C. § 2254(d)(1)). Pertinent case law provides that a defendant pleads guilty in a voluntary and intelligent manner if the plea is made with "'full awareness of its direct consequences.'" Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005)(quoting Brady v. United States, 397 U.S. 742, 755 (1969)).  However, "[t]he Supreme Court has not defined which consequences of a guilty plea are direct and which are collateral." Pignataro, 381 Fed. App'x at 49.

Petitioner points to state case law on the issue, which states "post-release supervision is a direct consequence of a guilty plea and a court must inform a defendant of post-release supervision." (See Pet'r's Objection at 7)(citing People v.

6

Alcock, 728 N.Y.S. 2d 328, 331 (N.Y. Sup. Ct. 2001)). To the extent that Petitioner "directs the District Court" to state court decisions addressing the issue, however, the objection misses the point: state court decisions are inapposite and they do not guide federal district courts reviewing habeas petitions under 28 U.S.C. § 2254. (Pet'r's Objection at 7.) As Judge Smith noted, "state court decisions . . . are not relevant to the question of whether the state court's denial . . . was contrary to, or an unreasonable application of, clearly established law." (Report at 23.) The Supreme Court has not addressed the question, and "[t]here can be no unreasonable application of clearly established federal law as determined by the Supreme Court where there is an absence of a decision on the issue by the Supreme Court." Pignataro, 381 Fed. App'x at 49. Petitioner's claim, therefore, is without merit.[3]

Petitioner also objects to Judge Smith's findings that his plea was in fact knowing and voluntary and, even if Petitioner was unaware that sentences would be imposed consecutively, no habeas relief is warranted. As to the first part of the objection, Judge Smith noted that Petitioner was informed that

---

[3] Though Petitioner takes issue with Judge Smith's word choice, substituting "determined" for "defined" changes neither the substance of 28 U.S.C. § 2254(d)(1)'s dictates, nor the fact that the United States Supreme Court has not addressed the post-release supervision issue.

consecutive terms would be imposed.  The state court declared that each "class C violent felony" carried a "maximum sentence [of] 15 years in State prison on each of the counts of that crime," (Report at 25)(citing Plea Tr. 24:4-9, Oct. 14, 2009), and Petitioner was told that his failure to return to Court would result in the maximum allowable sentence. (Id.)(citing Plea Tr. 27:5-12, Oct. 14, 2009.)  Petitioner points to no "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).  The Court gave Petitioner ample warning during the state court proceeding in October 2009.

With regard to the second part of the objection, Petitioner claims that Wilson v. McGinnis, 413 F.3d 196 (2d Cir. 2005) is not a substitute for "firmly established U.S. Supreme Court precedent." (Pet'r's Objection at 10.)  Judge Smith's Report explains correctly that, in this Circuit, the imposition of consecutive sentences is not a "definite, immediate, and largely automatic" consequence of a plea, and, therefore, a knowing and voluntary plea does not require a court to make a defendant aware that consecutive terms is a possibility. (Report at 24-25)(citing Wilson, 413 F.3d at 200.) Petitioner contends that the case is not "dispositive since it

is a United States Court of Appeals, Second Circuit decision," but points to no Supreme Court case law to support his claim that contradicts the Court's holding in <u>Wilson</u>. (Pet'r's Objection at 10.)  In the absence of such precedent on the issue, the Court is left without affirmative guidance of "clearly established Federal law, as determined by the" Justices of the Supreme Court on this point of law. 28 U.S.C. 2254(d)(1).  As such, Petitioner presents no claim on which relief could be granted. <u>See</u> Sec. IIB <u>supra</u> (citing <u>Pignataro</u>, 381 Fed. App'x at 49)("There can be no unreasonable application of clearly established federal law as determined by the Supreme Court where there is an absence of a decision on the issue by the Supreme Court.").

As to Petitioner's third and fourth objections, that he was deprived of his right to be present at sentencing and that the sentence imposed was a cruel and unusual, Petitioner simply makes identical arguments to those made in the Petition (<u>see</u> Pet. at 6-7), and fairly addressed by Judge Smith.  The former claim, as Judge Smith concluded, is without merit because the state court properly "determin[ed] that Petitioner had voluntarily and knowingly absented himself from his sentencing . . . despite having been advised multiple times during the

course of his case of the consequences of failing to appear at court proceedings while out on bail." (Report at 27)(see also Plea Tr. 15:10-25; 24:3-9; 26:23-27:3; 27:5-12, Oct. 14, 2009). Judge Smith also analyzed the second claim thoroughly and correctly. Petitioner's "claim that the additional imposition of supervised release rendered his sentence unconstitutional," (report at 28), is unexhausted, and the broader Eighth Amendment challenge is foreclosed by the fact that the "sentence was within the limits prescribed by statute." (Report at 29.) The objections merely rehash arguments previously made, and the relitigation of issues are entitled to review only for clear error. See IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Nov. 3, 2008); see Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.")(citation and internal quotation marks omitted). Here, the Court finds no error in Judge Smith's well-reasoned conclusions that the claims "present no federal constitutional

issue[s]." (Report at 29.)

C. Portions of the Report to Which Neither Party Opposes

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009)(citing Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008)); Fed. R. Civ. P. 72 advisory committee's note (b). Respondent argues that the Petition should be treated as "untimely and not equitably told," and, therefore, it should be dismissed. (Resp't's Objection at 1, Oct. 11, 2013.) As this Order dismisses the Petition on the merits, the issues of timeliness and equitable tolling are moot. Excepting the moot points, Respondent's objections are not inconsistent with the Report and this Order. The Court, therefore, reviews the remainder of Magistrate Judge Smith's recommendations for clear error. Having found no clear error, the Court adopts the Report's recommendations.

III. CONCLUSION

Having conducted the appropriate level of review, the Court APPROVES, ADOPTS, AND RATIFIES the Judge Smith's February

28, 2013 Report in its entirety. Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus is DENIED. Petitioner's Motion to Strike is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to enter the missing entries to the electronic docket, to dismiss the petition with prejudice, and to close the docket in this case.

SO ORDERED.

DATED: New York, New York
       February 25, 2014

_____
Deborah A. Batts
United States District Judge